UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

DAVENG WEE,

                 Petitioner,           14 Civ. 2342 (TPG)

       v.                             **OPINION**

UNITED STATES OF AMERICA,

                 Respondent.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8 /18 /2015

Petitioner Daveng Wee ("Wee") moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Wee challenges "the validity and legality" of the indictment and plea agreement. Wee also claims that he was deprived of his right to effective assistance of counsel.

For the reasons that follow, the motion is denied.

## BACKGROUND

On March 18, 2010, a nine-count indictment was filed against Wee, charging him with making false statements and aggravated identity theft. These charges stemmed from Wee's impersonation of an attorney, and his submission of false documents to immigration authorities.

On November 2, 2010, Wee, his then-counsel, and the Government executed a detailed, 7-page plea agreement, under which Wee agreed to plead guilty to Counts One through Six of the indictment. The plea agreement specified that the Guidelines range of imprisonment was 48 to 54 months. The plea agreement included a specific waiver of an appeal or collateral

challenge, "including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241[,]" to any sentence within or below this Guidelines range. (Dkt. No. 12, Ex. A. at A20.)

On November 12, 2010, Wee appeared before this court to plead guilty. (Dkt. No. 12 at Ex. A, 11/12/10 Tr.) At the plea hearing, the court determined that Wee was competent to enter an informed plea, that he had signed the plea agreement, and that he was satisfied with his counsel. The court further confirmed that Wee understood the rights he was giving up by pleading guilty and was willing to waive them, and that Wee's plea and conviction made it "very likely that his deportation from the United States is presumptively mandatory." In his allocution, Wee admitted that he had made "false statements" in immigration documents and had committed identity theft. Defense counsel did note that "even though [Wee] is totally competent to take the plea, your Honor, as you might have perceived, there are serious mental health issues." (*Id.* at 13:14-19.) The court then confirmed that Wee understood the proceedings and had decided that he wanted to plead guilty. (*Id.* at 14:6-12.) The court accepted the plea as factually based and voluntary. The court also confirmed that the plea agreement included a waiver of Wee's right of appeal.

On June 2, 2011, Wee was sentenced by this court to an aggregate term of 48 months' imprisonment—within the Guidelines range outlined in the plea agreement. At the sentencing, the court heard argument from defense counsel that Wee suffered from mental health problems. The court recognized that there was some "severe emotional deprivation in Mr. Wee's lifetime, that he has certain hallucinations now," but went on to note that it did not "credit the idea that he in any way lacked knowledge or sufficient knowledge of what he was doing and the wrongful nature of [his actions]. There were too many steps, too many deliberate, somewhat complicated

2

arrangements that he has gone through. And this is not the work of a man who is so deluded that he doesn't know what he is doing. . . And I believe he knew what he was doing was wrong." (Dkt. No. 12 at Ex. A, 6/2/11 Tr. at 17:17-18:2.)

On June 15, 2011, Wee filed a timely notice of appeal. The Second Circuit then appointed new counsel for Wee to replace his prior counsel. Wee's appellate counsel initially filed an *Anders* brief with the Second Circuit, claiming that there were no non-frivolous issues to be raised on appeal. However, Wee's appellate counsel later withdrew her *Anders* brief and filed a brief challenging a restitution order which had been signed on July 19, 2011 by the district court (Judge Crotty, sitting as Part I). In addition to the merits brief of counsel, Wee filed a *pro se* letter to the Second Circuit, in which he argued, among other things, that: (1) he did not understand the wrongfulness of his underlying conduct (Dkt. No. 12, Ex. B at 9); (2) the plea agreement prohibited him from raising "concerns" or a "valid defense" (*Id.* at 11-12); and (3) his trial and appellate counsel were ineffective (*Id.* at 2, 6-7, 13-19).

On February 28, 2013, the Second Circuit affirmed Wee's conviction and sentence, but remanded the case to this court to reconsider the restitution order. In so ruling, the Second Circuit stated that apart from issues involving the restitution order, "no additional non-frivolous issues exist." *See United States v. Wee*, 513 Fed. App'x 28, 29 (2d Cir. 2013). The Second Circuit held that Wee's "'bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [his] plea.'" *Id.* at 30 (quoting *United States v. Gonzalez*, 647 F.3d 41, 56 (2d. Cir. 2011)). The Second Circuit further noted that "Wee's plea agreement clearly specified that he would not appeal a sentence 'within or below the Stipulated Guideline Range of 48 to 54 months' imprisonment,'" and added:

> [W]hile Wee argues that his trial counsel did not adequately explain the plea agreement's 'legal implications or its binding effects,' Wee acknowledges in his *pro se* briefs that he read the plea agreement and had the opportunity to discuss and raise questions about it with his trial counsel. Additionally, he confirmed at the plea hearing that he signed the plea agreement voluntarily and understood his rights.

*Id.* Finally, the Second Circuit rejected Wee's additional arguments—including a claim that he was not competent to plead guilty—as meritless.

On March 14, 2013, the Government advised this court that it was no longer seeking restitution. The court filed an Amended Judgment on March 21, 2013, and the Second Circuit issued the mandate on Wee's appeal that same day. Wee then petitioned the Supreme Court for a writ of certiorari, which was denied October 7, 2013. This petition followed.

## LEGAL STANDARDS

### A. Legal Standard for § 2255 Petitions

Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner is entitled to habeas relief if "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (citation omitted). "Where the petitioner . . . failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citation omitted). Failure to file an appeal because of an appeal waiver is not "cause"

4

for failing to raise claims on direct appeal. *Garcia-Santos* v. *United States*, 273 F.3d 506, 508 (2d Cir. 2001).

The petitioner bears the burden of proof, by a preponderance of the evidence, in a Section 2255 proceeding. *See Triana* v. *United States*, 205 F.3d 36, 40 (2d Cir. 2000). If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).

### B. Appeal and Collateral Challenge Waivers

"'Waivers of the right to appeal a sentence are presumptively enforceable.'" *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (quoting *United States v. Arevalo (Vigil)*, 628 F.3d 93, 98 (2d Cir. 2010)). The "exceptions to the presumption of the enforceability of a waiver ... occupy a very circumscribed area of our jurisprudence." *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Typically, courts in this circuit refuse to enforce such a waiver only "when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence. . . ." *Id.*

### C. Ineffective Assistance of Counsel

Petitioners may raise ineffective assistance of counsel claims on collateral review. To state a claim for ineffective assistance of counsel, petitioner must show (1) deficient performance that was objectively unreasonable, and (2) prejudice such that the reliability of the outcome is put into question. *Strickland v. Washington,* 466 U.S. 668 (1984). "The *Strickland* standard is

5

rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

Defendants are entitled to competent counsel at all critical stages of the proceeding. A defendant's right to the effective assistance of counsel and the analytical framework set forth in *Strickland* are thus equally applicable to counsel's performance on appeal. *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000).

## DISCUSSION

Wee challenges his conviction and sentence on a number of grounds. As an initial matter, all of Wee's claims appear to be barred by the valid collateral challenge waiver in his plea agreement. To the extent Wee argues that this waiver was not made knowingly or voluntarily, his argument is belied by the plea hearing transcript and Wee's previous acknowledgments throughout the course of this case. *See Wee*, 513 F. App'x at 30 (noting that Wee "read the plea agreement and had the opportunity to discuss and raise questions about it with his trial counsel," and that Wee "confirmed at the plea hearing that he signed the plea agreement voluntarily and understood his rights"). Nevertheless, out of an abundance of caution—and because Wee alleges in his petition that his plea was "entirely passive" and the result of "circumstances" (presumably Wee's mental health issues) "being ignored"—the court turns to the merits of his claims.

*First*, Wee challenges the "validity & legality on the indictment." But Wee failed to raise this issue in his direct appeal, which precludes this court from considering it. In any event, this challenge is wholly without merit, as Wee fails to assert any specific factual or legal problems with the indictment at issue.

6

*Second*, Wee challenges the "validity & legality of the plea agreement." He argues that he "was entirely passive or rather very uncomfortable to plea," but decided to plead guilty despite "circumstances being 'ignored' and under tremendous pressure & frustration . . . so as to get over and to move on." (Pet. at 2.) Unlike his challenge to the validity of the indictment, Wee did raise a challenge to the validity of his plea agreement on direct appeal. But this challenge was rejected by the Second Circuit, which found, as noted above, that Wee had "read the plea agreement and had the opportunity to discuss and raise questions about it with his trial counsel . . . [and he] confirmed at the plea hearing that he signed the plea agreement voluntarily and understood his rights." *Wee*, 513 Fed. App'x at 29. The court sees no reason to disturb that holding here.

*Third*, Wee claims that both his trial and appellate counsel did not provide effective assistance. But Wee provides no factual or legal basis to find his trial counsel ineffective. And, the entirety of Wee's claim with respect to his appellate counsel states only that Wee was "relying on his appellate counsel and on top of it to 'refine' or to 'expand' on it," and that appellate counsel failed to keep Wee "in the loop" or pursue his desire for *en banc* review of his direct appeal. (Pet. at 3, 6.) These claims are meritless. Wee's generalized arguments that appellate counsel was ineffective because she "allegedly ceased communicated with him and allegedly failed to raise several arguments on appeal" were squarely rejected by the Second Circuit, which also had the opportunity to review Wee's *pro se* letter outlining the appellate arguments his counsel supposedly ignored. *Wee*, 513 Fed. App'x at 30. To the extent Wee now argues that appellate counsel was ineffective for failing to seek *en banc* review of this Second Circuit ruling, his argument fails, as appellate counsel was not ineffective for failing to seek a meritless *en banc* review. *See Clark,* 214 F.3d at 322 ("[C]ounsel does not have a duty to

advance every nonfrivolous argument that could be made."). Moreover, Wee made his own *pro se* request for *en banc* review, and also petitioned the Supreme Court for a writ of certiorari—negating any potential prejudice from appellate counsel's alleged failure to pursue Wee's chosen appeal strategy.

*Finally*, Wee alleges general "prosecutorial misconduct." But he failed to raise such a claim in his direct appeal, and does not now identify any specific facts supporting such a claim. For both reasons, this last claim fails.

## CONCLUSION

The court has reviewed the parties' submissions and the underlying record, and has considered petitioner's arguments. For the reasons discussed above, the motion is denied.

The court declines to issue a certificate of appealability, as there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997).

This opinion resolves the motion listed as item 1 on the docket. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:   New York, New York
         August 18, 2015

Thomas P. Griesa
U.S. District Judge